MARK-SACHS-EVANS CO., INC., APPELLANT, v. W. W. AUC-
TION COMPANY, IMPLEADED, ETC., RESPONDENT.

Submitted January 17, 1939—Decided August 14, 1939.

Before Justices TRENCHARD, PARKER and PERSKIE.

For the appellant, Louis B. Englander.

For the respondent, Michael G. Alenick.

PER CURIAM.

This is the second appeal in this case; see 13 N. J. Mis. R. 830. As before, it is an appeal by a corporate plaintiff in replevin (under whose writ certain goods were seized and delivered to said plaintiff) from a judgment, after hearing, that said plaintiff was not entitled to the goods in question, and awarding damages and costs against said plaintiff and in favor of respondent W. W. Auction Company.

The litigation has been protracted, in both the District Court and the Federal Bankruptcy Court. It arose out of the following facts: the plaintiff sold a bill of goods to a concern called Lenter's Clothes Shop, Inc., allegedly through fraudulent representations by the Lenters as to solvency, &c. Shortly afterwards, and while Lenter's Clothes Shop, Inc., still had all or some of the goods, it was adjudicated a bankrupt, and a referee was appointed, who took steps to dispose of the assets, including the goods sold by plaintiff appellant. About this time some confusion seems to have arisen as to

the position taken by the plaintiff, whether in the form of an ordinary money claim to be paid or prorated after sale of assets, or in the form of a revocation of the "sale" for fraud, and claim for return of the goods in specie. As stated in the previous opinion of this court *per curiam, ubi supra,* plaintiff first filed the money claim, and later withdrew it and demanded the property, but the receiver sold the whole stock in bulk to respondent W. W. Auction Company, as claimed by respondent, although it is claimed for plaintiff that the sale was to Emanuel P. Scheck, an attorney of this court, representing the bankrupts. This was in January, 1933. The present action was begun January 21st, 1933. It was tried July 14th, 1933, and decision reserved. While this District Court proceeding was quiescent, in 1934, the bankruptcy proceeding was going on, and we are informed by an opinion of the judge of that court, printed as part of the state of the case, that in January, 1934, appellant filed an amended claim with the referee for $801.25, as a money claim. This does not seem to be printed in the case; but it was allowed by the referee, and later the allowance affirmed by the court after petition by W. W. Auction Co., praying that the claim be ordered withdrawn, the order of the federal court expressly adjudging that W. W. Auction Co. was not the purchaser of the assets, and had no interest in the distribution. So that at this point it is to be gathered from the record before us, as we view the matter, that (1) Scheck, as attorney, was the purchaser of the assets; (2) plaintiffs appellants had abandoned their claim for return of the property in specie, and rested on an amended money claim filed with the referee; and (3) that, W. W. Auction Co. was not the purchaser of the assets nor interested in the distribution thereof. Now, in the face of these express findings by a court having as the District Court says in its opinion, exclusive jurisdiction of the assets and settlement of claims, the court below has decided (a) that the Lenters made fraudulent misrepresentations—which is now out of the case; (b) that the sale was made to W. W. Auction Co.—which is expressly negatived by the finding of the bankruptcy court; and (c) that W. W. Auction Co. though adjudged not to have been the purchaser

from the referee, and not shown to have acquired title to the goods in any other way, or even to have been in possession thereof, is entitled to recover their value from the plaintiff. This, we think, was clearly erroneous. If the W. W. Auction Co. did not have some claim to the goods more than a mere naked possessory right, it could not maintain replevin (*Chambers* v. *Hunt,* 18 *N. J. L.* 339, 343; *Bierman* v. *Reinhorn,* 71 *Id.* 422) and by the same token it may not under such conditions as defendant in a replevin suit, have judgment for the value of the goods replevied. Indeed, to recover that value the defendant must be entitled as owner of the goods and not of an interest or partial property therein, at least so far as relates to the District Court act. *Schnitzer* v. *Russell,* 81 *N. J. L.* 146.

It was therefore error to award to the respondent W. W. Auction Co. the money judgment under review. So far as the case shows, that corporation was not properly joined as a defendant, having neither possession nor ownership of the goods, and a proper judgment would have been that said defendant go without day.

The judgment under review will be reversed, so far as relates to the award of damages amounting to $191. But as the defendant Auction Co. does not appear on the case before us, to have been in possession of the goods, it was wrongly joined, and the judgment in its favor for costs will be affirmed. The appellant is entitled to costs in this court.